ELLIS, Judge:
Jesse Golphin was employed by the Division of Administration of the State of Louisiana as an Auto Mechanic II. On March 7, 1974, he was fired, effective March 8, 1974, for the following causes:
“On February 21, 1974, at approximately 9:45 a. m., you intentionally failed to perform work assignments as instructed by your supervisor, Clinton Thompson.
“On February 21, 1974, at approximately 9:45 a. m., and at various other times, you told your supervisor, Clinton Thompson, that you did not want anyone checking on you and further, that you argued with Mr. Thompson and committed other acts of insubordination.
“On February 21, 1974, at approximately 9:45 a. m., without adequate provocation, you threatened your supervisor, Clinton *499 Thompson, with bodily harm and further, threatened to kill him.
“All of the acts described in paragraphs (1), (-2) and (3) above were committed in the presence of co-workers, thereby damaging the morale of your department.”
On March 13, 1974, he appealed his discharge to the Civil Service Commission, the letter of appeal reading, in part, as follows :
“The allegations contained in paragraph (1) above are denied; answering the allegations contained in paragraph (2) above, employee admits that he had a discussion with Mr. Thompson concerning certain matters but denied that this amounted to insubordination; the allegations contained in paragraph (3) above are denied; answering the allegations contained in paragraph (4), employee admits that co-workers were present but denied that any act by himself on this date or any other date damaged the morale of anyone in the Division.
“The basis on which this appeal is made is that employee feels like he has been discriminated against by the Division of Administration on the basis of recommendation of his supervisor, Clinton Thompson, and that this in turn is based on personal animosity felt by Mr. Thompson to Mr. Golphin.”
After a hearing, the Civil Service Commission made the following finding:
“We find from the evidence that appellant was dilatory in performing the work assignments given him by his supervisor; that upon being reprimanded for his dilatory tactics he became very hostile and threatened his supervisor with bodily harm, as well as with a threat to kill him; that he was also insubordinate to his supervisor and that all of the foregoing acts were committed in the presence of his co-workers to the possible detriment and damage of the morale of said co-workers. Appellant has failed to sustain the burden of proof of refuting the charges set forth in the letter of dismissal.
“Accordingly, the appeal is denied.”
From that ruling, Mr. Golphin has appealed to this Court.
At the hearing, when counsel for Mr. Golphin attempted to adduce evidence to show that he was discriminated against because of personal animosity which was borne towards him by his immediate supervisor, he was not permitted to do so by the Commission. It ruled that his defense must be limited to answering the specific charges against him.
Under Article XIV, Section 15(A)(1) of the Constitution of 1921, evidence relevant to a defense of discrimination is clearly admissible. The failure to admit such evidence constitutes reversible error. See King v. Department of Public Safety, 234 La. 409, 100 So.2d 217 (1958); Cormier v. State, Dept. of Institutions, La. C & I Sch., 212 So. 143 (La.App. 1 Cir. 1968).
Mr. Golphin is entitled to a full hearing of his defenses, in which he may attempt to refute the charges against him, and to show that he was discriminated against because his immediate superior was motivated by personal animosity against him.
The decision appealed from is reversed and the matter remanded to the Civil Service Commission for another hearing consistent with the views herein expressed.
Reversed and remanded.